BLANCHE, Judge.
This is an action for damages wherein plaintiff, Emily Francis, seeks to recover for personal injuries received by her as a result of being struck by an automobile on April 18, 1975, while she was standing in the northbound lane of Louisiana Highway 57 (also known as “Grand Caillou Road”).
The automobile involved in the accident was owned and operated by the defendant, Eno Broussard, and insured by the defendant, Maryland Casualty Insurance Company.
The trial judge piece-mealed the trial, hearing first the issue as to liability. After finding the defendants liable, he then held a trial on the damages allegedly sustained by plaintiff and awarded her $24,921.85 in general damages. The defendants have appealed from these judgments. We reverse.
In his “Finding of Facts and Reasons for Partial Judgment” the trial judge found that Eno Broussard was negligent. From our review of the evidence, we find such a determination to be manifestly erroneous.
*1246 Eno Broussard testified that he was traveling north on Louisiana Highway 57 at approximately thirty-five miles per hour and was in the vicinity of Authement Ice House on the evening when the accident occurred. He was familiar with the road, living only a short distance away. In this particular area the highway was two lane, paved and had streetlights. The time of the accident was established as approximately 8:35 P.M. Broussard further testified that just prior to the accident he was approaching a vehicle which was proceeding south on the highway and he was temporarily blinded by its lights.
Upon being blinded by the lights, Brous-sard said that he took his foot off the gas pedal; and when the lights of the oncoming vehicle cleared him, he saw the plaintiff immediately in front of him in his lane of travel. He estimated that at this time he was no more than twenty feet away and immediately applied his brakes, leaving some sixteen feet of skid marks. Broussard claimed that he traveled no more than one or two feet after the impact, and this was corroborated by the state trooper who investigated the accident.
Mrs. Marie Broussard, defendant’s wife, was riding in the passenger seat of the automobile; and she likewise testified to the incident of meeting the vehicle and being blinded by its lights. She said that just as the vehicle, which she believed to be a truck, passed that she noticed the plaintiff near the center of the highway, that she was walking into their lane of travel with her hands in the air and that they were too close to avoid hitting her.
An independent witness to the accident was Paul Gregoire, a friend of the plaintiff who lived only two doors from plaintiff’s home. This witness verified that a blue truck was proceeding south on Louisiana Highway 57 and was meeting the Broussard vehicle. Gregoire observed the plaintiff proceeding from one side of the highway to the other. He stated that plaintiff walked in front of the blue truck that was traveling south, and in order for the driver to miss her, he almost hit the ice house. According to his testimony, plaintiff then turned around and started going toward the north lane while the Broussard vehicle was approaching and it then struck her. His testimony corroborates that of Brous-sard and his wife.
Beyond any question, the evidence showed that plaintiff was in an intoxicated condition. It was stipulated at trial that Mrs. Elaine Defelice, if called as a witness, would testify that a short time before the accident plaintiff stood in front of the De-felice car and asked Mrs. Defelice to run over her. This witness would have further testified that plaintiff had a strong odor of alcohol and was somewhat incoherent.
Plaintiff was also observed by Gregoire to be in the highway hollering, wandering about and raising her hands up in the air. He called the police and asked them to contact her for her own safety. Since he and plaintiff were friends, he did not want to talk to her himself for fear it might cause trouble but called the police. In describing the accident, he stated:
“Q Now, you say that right before the accident happened you saw a blue truck coming south?
“A Yes, sir.
“Q And what did Mrs. Francis do?
“A She walked toward the truck, the truck went off of the highway, towards the ice plant, almost hit the ‘pressure’ to get back on the highway so he didn’t hit Mrs. Francis.
“Q I see. And then how soon after that did Mr. Broussards [sic] car come along?
“A Just when the truck turned to go back on the highway Mr. Broussard was coming down the bayou and he hit her.” (Record, p. 160)
From a reading of plaintiff’s testimony, it is obvious that she intended to cross from one side of the road to the other. At one point she testified as follows:
“Q Okay, you walked out on the road and some way you turned around and saw the car, right?
“A Yes.
*1247 “Q Now, why didn’t you get out of the way?
“A Well, the car was too close.” (Record, p. 142)
We conclude from the testimony of both Gregoire and the plaintiff herself that plaintiff was attempting to cross the road at the time she was hit by the Broussard car. In so doing she first created an emergency to the southbound vehicle, causing him to run off the road in an attempt to avoid her. Thereafter she headed back into Broussard’s lane of travel at a time when he was blinded by the lights of the truck, and when he did see her, it was too late.
In his Reasons for Partial Judgment, the trial judge stated:
“Trooper Toups testified that the defendant, Mr. Broussard, told him that there was an automobile to his front when he veered to the left to avoid something. The Trooper further related that Mr. Broussard stated that he did not veer to the left because he didn’t have time. The Trooper further testified that Mr. Broussard did not tell the Trooper that he was blinded by the lights of a car going in the opposite direction.
“Thus, the defendant, Mr. Broussard, was directly impeached by the Trooper, called as a witness by the defendants. If what the Trooper states is true, then there can be no question that Mr. Brous-sard was put on notice that something was on the road and he failed to veer to the left and/or stop to avoid the accident. Under this set of facts the defendant driver was clearly negligent.” (Record, pp. 29, 30)
In the light of the testimony of Brous-sard, his wife and an independent witness, we believe that the trooper must have been mistaken in his testimony and must have been referring to the blue truck described by Gregoire. The driver of the blue truck would have been unable to veer to the left because of the oncoming Broussard vehicle. We are dutybound to make an effort to reconcile the discrepancy in testimony before discrediting Broussard as a liar and believe this to some extent reconciles or explains how the trooper could have been mistaken. In any event, the preponderance of the evidence is that Broussard was meeting a vehicle rather than following one and that the trooper was mistaken concerning what he believed Broussard had told him.
With regard to the absence of the driver of the blue truck, it was explained at trial that he was not available to testify. The state trooper, however, acknowledged that he talked to the driver of the vehicle that he described as being directly in front of the Broussard vehicle.
From the foregoing testimony, it is obvious that defendant Broussard was presented with a sudden emergency created by the plaintiff in walking out into the highway in front of two oncoming cars, causing one to veer off the highway and placing herself in a position of peril at a time when Broussard did not have a reasonable opportunity to observe her or notice her perilous predicament.
We have great compassion for plaintiff, inasmuch as the record showed that she is a widow whose husband was also killed while walking on the highway and that she was left with eighteen children. However, under the circumstances, we are of the opinion that the evidence does not support a finding that Broussard was negligent in failing to observe plaintiff in time to avoid the accident.
For the above reasons, the judgment of the trial court is reversed, and judgment is rendered dismissing plaintiff’s suit at her costs.
REVERSED AND RENDERED.